UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHYSICIANS ACO, LLC, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-00803 |
| | § | |
| SYLVIA MATHEWS BURWELL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S
## MOTION FOR RECONSIDERATION AND MOTION TO COMPEL

Plaintiffs Physicians ACO LLC and ACO Triple Aim Providers d/b/a Physicians ACO (collectively, "PACO") have filed a Motion for Reconsideration (Doc. No 40) and a Motion to Compel Discovery (Doc. No. 43). After considering the motions, responses thereto, oral argument, and applicable law, the Court finds that both motions must be denied.

I. **BACKGROUND**

This is an Administrative Procedures Act case. PACO is an accountable care organization participating in the Medicare Shared Savings Program that is run by the Centers for Medicare and Medicaid Services ("CMS") of the U.S. Department of Health and Human Services. The Shared Savings Program is part of the Affordable Care Act. The Program's purpose is to improve the level and value of care for Medicaid beneficiaries by promoting the accountability of providers, requiring coordinated care for all services, and encouraging providers to redesign their care processes. The Program plans to achieve these goals by rewarding providers who voluntarily participate in accountable care organizations with a share of CMS's savings. To receive the rewards, the organizations must meet performance standards.

CMS set a deadline of 11:59 PM on March 21, 2014, for accountable care organizations

1

to submit data on their Medicaid beneficiaries through CMS' web portal. From this data, the agency would determine whether the organizations met their performance standards. PACO did not submit all of its data by the deadline. PACO attributes its untimeliness to a failure of the web portal. (Defendants dispute that there was a portal failure on that date.) PACO requested that CMS accept its data late, but CMS refused to do so. As a result, PACO filed suit against Defendants Sylvia Burwell, the Secretary of the Department of Health and Human Services (in her official capacity) and the Department of Health and Human Services (collectively, "Defendants"). PACO sought an order from the Court requiring CMS to accept PACO's data, to then make a determination about whether PACO met performance standards.

In April 2016, this Court ruled that it lacked jurisdiction over PACO's first two claims for relief—seeking review under the Administrative Procedures Act, and relief from CMS's arbitrary and capricious action—because the applicable law does not provide for judicial review of CMS's administrative action. (Doc. No. 36.) In April 2017, PACO filed its motion for reconsideration of that decision. (Doc. No. 40.) PACO also filed a motion to compel discovery of documents related to the purported portal failure in 2014. (Doc. No. 43.)

## II. **LEGAL STANDARD**

The Court may look to Federal Rules of Civil Procedure 54(b) and 59(e) for motions for reconsideration. "Rule 59(e) governs motions to alter or amend a final judgment; Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision that does not end the action,'" *Austin v. Kroger Texas, L.P.*, No. 16-10502, 2017 WL 1379453, at *8 (5th Cir. Apr. 14, 2017) (quoting Fed. R. Civ. P. 54(b)). As a final judgment has not been entered in this case, the Court applies Rule 54(b). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any

reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

## III. ANALYSIS

### A. Motion for Reconsideration

In 2016, this Court dismissed the first two counts in PACO's complaint, finding that CMS' decision to deny review for PACO was precluded from judicial review, per the language of the Affordable Care Act. PACO now requests reconsideration of that decision, based in part on a purported change in CMS' policies. Specifically, when CMS's portal failed in March 2017, it chose to extend the deadline for accountable care organizations to submit their records.

PACO argues that CMS's decision to extend the deadline in 2017 shows that CMS had discretion to accept a late submission in 2014. Although both parties discuss whether the 2017 evidence constitutes grounds on which to reconsider the dismissal, the Court finds such an inquiry irrelevant. First, under Rule 54(b), the Court can review the decision "even in absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 2017 WL 1379453 at *9. Second, CMS's discretion or arbitrariness is irrelevant to the outcome of this case because the Court is barred from reviewing CMS' decision.

To reach a different conclusion than before, the Court must find that judicial review applies. 42. U.S.C. 1395jjj(g)(4) prohibits judicial review of "the determination of whether an [accountable care organization] is eligible for shared savings under subsection (d)(2)."[1] CMS

---

[1] Subsection (d)(2), entitled "Payments for shared savings" provides: "Subject to performance with respect to the quality performance standards established by the Secretary under subsection (b)(3), if an [accountable care organization] meets the requirements under paragraph (1), a percent (as determined appropriate by the Secretary) of the difference between such estimated

3

determined that PACO was not eligible for shared savings because it did not completely report its data by the deadline. PACO counters that that it seeks review of an issue not listed under 42 U.S.C. § 1395jjj(g)—CMS's denial of its "request for additional time or for an additional opportunity to submit data due to technological malfunctions." (Doc. No. 48 at 5.)

CMS's decision is unreviewable under § 1395jjj(g)(4) only if it constitutes a "determination." PACO understands "determination" to involve a substantive decision, and insists that a denial of a submission to CMS based on a technology failure is not substantive. (Doc. No. 48 at 3.) PACO relies on CMS' letters on July 22, 2014 and February 6, 2015, which both stated that PACO's request for reconsideration in June 2014 was premature because CMS had not issued an initial determination at that time. (Doc. No. 14 at 10, 550.) According to PACO, these letters show that CMS has never made a determination, and thus CMS' decision is not covered by 42 U.S.C. § 1395jjj(g). However, CMS also stated in the February 2015 letter that "the Administrator finds that the CMS 'initial' determination from which appeal rights are granted . . . is the final quality and financial results, released to ACOs on September 12, 2014." (Doc. No. 14 at 10.) The Court finds that the September 12, 2014 decision is an initial determination, and thus is precluded from review by 42 U.S.C. § 1395jjj(g)(4) and 42 C.F.R § 425.800.

Despite the "strong presumption that Congress intends judicial review of administrative action," *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670 (1986), Congress made clear that the decisions such as the one in this suit are not subject to judicial review. "[T]here is

---

average per capita Medicare expenditures in a year, adjusted for beneficiary characteristics, under the [accountable care organization] and such benchmark for the [organization] may be paid to the [organization] as shared savings and the remainder of such difference shall be retained by the program under this subchapter. The Secretary shall establish limits on the total amount of shared savings that may be paid to an [organization] under this paragraph."

no room for employing that presumptive approach where . . . Congress has been so *explicit* in stating a prohibition against judicial review—federal courts are not, after all, superlegislatures entitled to invoke a generalized presumption to trump an express 'hands off' direction from Congress." *Am. Soc. of Anesthesiologists v. Shalala*, 90 F. Supp. 2d 973, 975 (N.D. Ill. 2000) (emphasis in original). Although the Court laments this harsh outcome for PACO, the Court must respect Congress' direction on this question. The Court maintains that it lacks jurisdiction over Counts I and II of PACO's complaint, and denies PACO's motion for reconsideration.

### B. Motion to Compel

PACO has also requested an "order requiring Defendant to produce a limited set of documents and allowing PACO to take depositions of certain individuals employed by Defendant or under Defendant's control germane to Count III [regarding PACO's records request under the Freedom of Information Act ("FOIA")] and by comparison to demonstrate CMS' arbitrary action in 2014 is within the Court's Administrative Procedures Act jurisdiction." (Doc. No. 43 at 1-2.) CMS responds that PACO is not entitled to discovery on the dismissed claims, and that discovery is "rare and disfavored in FOIA cases." (Doc. No. 44 at 7.)

Because the Court now affirms its prior decision to dismiss PACO's first two claims for relief, the Court must deny PACO's motion to compel discovery regarding those claims. The Court further finds that PACO's request for discovery pursuant to its FOIA claim is premature. Courts typically do not compel FOIA discovery "until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions." *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993). *See also Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) ("courts may allow the government to move for summary judgment before the plaintiff conducts discovery"); *Broaddrick v. Exec. Office of*

*President*, 139 F. Supp. 2d 55, 63 (D.D.C. 2001) ("discovery is not typically a part of FOIA and Privacy Act cases"). The Court denies PACO's motion to compel, without prejudice to refiling, should it become appropriate at a later stage of litigation.

## IV. CONCLUSION

The Court **DENIES** PACO's Motion for Reconsideration (Doc. No. 40) and Motion to Compel (Doc. No. 43).

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 1st of August, 2017.

                                KEITH P. ELLISON
                                UNITED STATES DISTRICT JUDGE